IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Civil Division

HENRY LEHMAN
2144 Chestnut Lane
Frederick, Maryland 21702

and

JULIA LEHMAN
2144 Chestnut Lane
Frederick, Maryland 21702

and

HENRY LEHMAN, as parent and next of
friend of, HENRY VLADIMIR LEHMAN,
a minor
2144 Chestnut Lane
Frederick, Maryland 21702

and

HENRY LEHMAN, as parent and next of
friend of, CHARLES ALEXANDER LEHMAN,
a minor
2144 Chestnut Lane
Frederick, Maryland 21702

        Plaintiffs,

v.                               Case No.

CITY OF FREDERICK, MARYLAND
Serve: William J. Holtzinger, Mayor
      City Hall
      101 North Court Street
      Frederick, Maryland 21701-5415

and

J.A. GARCIA, Individually
Frederick City Police Department
100 West Patrick Street
Frederick, Maryland 21701

**ANA ALTAMAR**
**2142 Chestnut Lane**
**Frederick, Maryland 21702**

**and**

**ROSEMARY LIAL**
**2142 Chestnut Lane**
**Frederick, Maryland 21702**

        **Defendants**

## COMPLAINT

        COMES NOW the Plaintiffs, Henry Lehman, Julia Lehman and Henry Lehman, as parent and next of friend of minors Henry Vladimir Lehman and Charles Alexander Lehman, by and through their attorneys, Patrick J. Christmas & Associates, P.C., by Stephen M. Gensemer, Esquire and hereby respectfully files this Complaint against Defendants, City of Frederick, Maryland (hereinafter City), Officer JA Garcia (hereinafter Garcia), Ms. Ana Altamar (hereinafter Altamar), and Ms. Rosemary Lial (hereinafter Lial) and for cause of action the Plaintiffs state the following:

### Jurisdiction

        1.     The Plaintiffs invoke the jurisdiction of this Honorable Court as the Plaintiffs' cause of action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 as well as the Fourth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of Maryland.

        2.     All events and actions relevant to this cause of action occurred in the State of Maryland.

        3.     All parties named in this matter are residents or governmental agencies in the State of Maryland.

4.      On or about August 9, 2007, the Plaintiffs caused formal notice to be served via certified mail on the proper designated representative(s) of the Defendants, City and Garcia. This formal notice complied in all ways with Annotated Code of Maryland, Court's and Judicial Procedure's Article 5 - 304.

5.      On or about March 20, 2007 around 6:00 to 7:00 pm the Plaintiff Henry Lehman was in his home in Frederick watching his two minor children, named herein as minor Plaintiffs, when two teenage girls, later identified as relatives / friends of Defendant Altamar entered the Plaintiffs' property and began banging on the Plaintiffs' door and shouting and yelling vulgarities about their dog being injured.

6.      In response to these actions, the Plaintiff Henry Lehman contacted the Frederick City Police Department, which at all times relevant to this action was an agency or department within the Defendant City of Frederick.

7.      Based on the Plaintiffs call, Defendant Officer JA Garcia along with other members of the Frederick City Police Department, including but not limited to Officers Wheeler, Pecor, and Lee, arrived on the scene. Defendant Garcia questioned the Plaintiff about his involvement in striking, beating, or attacking his neighbor's dog with a stick, bat, or club.

8.      Defendant Garcia also had a conversation with Defendant Altamar who falsely stated that she observed the Plaintiff Henry Lehman strike or beat her dog with a stick or bat. After the arrest, but prior to trial, Defendant Rosemary Lail also made false statements to the police.

9.      At all times, the Plaintiff Henry Lehman denied these allegations and provided the Defendant Garcia with information and support of his whereabouts throughout the day.

10.      Despite the Plaintiff's denial and explanation of his activities for the day, and

despite the fact that Defendant Garcia never saw a dog, the alleged weapon, any physical evidence

of the incident such as blood or fur, nor interviewed any other witnesses to the alleged event,

Defendant Garcia placed the Plaintiff under arrest, handcuffed him in front of his two young

children, ages two and six at the time of the incident, placed him inside a police vehicle and

transported him to Frederick Central Booking for processing.

11.     During the time of Plaintiff's arrest and transport to Central Booking, Plainitff Julia

Lehman was attending classes at Frederick Community College and the minor Plaintiffs, Henry

Vladimir Lehman and Charles Alexander Lehman, ages two and six, were left at home unattended

by either parent, and in the sole custody of a member of the Frederick City Police Department.

12.     Minor Plainitffs were separated from both of their parents from the time of Plaintiff

Henry Lehman's arrest until Plaintiff Julia Lehman was contacted by the police, notified of the

situation, and returned home.

13.     After his arrest, Plaintiff Henry Lehman was fingerprinted, processed, and further

detained by the Defendants.

14.     Despite the lack of evidence against the Plaintiff Henry Lehman and the

overwhelming evidence in his favor, Defendants Altamar, City, Lial, and Garcia continued to

prosecute the Plaintiff.

15.     In response to these extremely serious charges and Defendants' refusal to dismiss

them, the Plaintiffs were forced to retain legal counsel to contest the charges.

16.     At no time did the Plaintiff Henry Lehman commit any illegal act or in any way

physically come into to contact with the animal at issue.

17.     On October 16, 2007 the criminal trial in the matter concluded with the District

Court Judge finding the Plaintiff, Henry Lehman not guilty on all charges. At that trial of the

Plaintiff, Defendants Garcia, Altamar, Lial, all testified against the Plainitff.

### Count 1 - 42 U.S.C.Section 1983 - Unlawful Arrest

18.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 17 as previously

listed above as though fully restated herein.

19.     Defendants Garcia and City acted improperly in arresting Plaintiff Henry Lehman.

They lacked the requisite level of probable cause to initiate a lawful arrest because they did not

have sufficient probable cause to believe that the Plaintiff Henry Lehman had committed the

alleged crime.

20.     The arrest was unlawful and unreasonable because the Defendants Garcia and City

failed to meet the standard of probable cause needed to initiate an arrest.

21.     At no point prior to arresting the Plaintiff did the Defendants ever see the dog that

was allegedly struck, nor did they interview any individual that could corroborate Defendant

Altamar's false statements.

22.     Despite this overwhelming lack of evidence, and the factually supported and

corroborated statements of the Plaintiff, the Defendants Garcia and City arrested and charged the

Plaintiff, Henry Lehman.

23.     The actions of Defendants Garcia and City in wrongfully arresting the Plaintiff

James Jones directly interfered with the Plaintiffs constitutionally protected rights of freedom

from unreasonable arrest without probable cause, freedom from unreasonable searches and

seizures and freedom to enjoy life and liberty without unreasonable governmental interference.

24.     As a direct result of Defendants Garcia and City's actions the Plaintiff was caused

to suffer damage and injury to his person, including but not limited to, economic damages,

including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel,

expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States' Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 2 - 42 U.S.C. Section 1988 - Malicious Prosecution

25.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 24 as previously listed above as though fully restated herein.

26.     At the scene Defendant Garcia, along with the aforementioned members of the City of Frederick Police Department conducted an investigation that failed to reveal even a scintilla of physical evidence nor any statements to corroborate the false statement made by Defendant Altamar.

27.     Defendants failed to locate the alleged damaged or injured dog. They failed to locate the alleged weapon. They failed to find any witnesses to support the claims made by the complaining witness. They ignored evidence supporting Plaintiff's assertion that he was not involved, and otherwise failed to conduct a proper investigation.

28.     The end result of the incident was that the Plaintiff Henry Lehman was placed under arrest and charged with malicious destruction of property valued over $500.00 and mutilation of an animal.

29.     Defendants Garcia and City initiated the charges listed herein against the Plaintiff without probable cause.

30.     Defendants Garcia and City maliciously encouraged the prosecution of the Plaintiff to continue their case without probable cause and when they knew or reasonably should have

known that the Plaintiff did not commit the crime.

31.     The case concluded in favor of the Plaintiff as the Plaintiff was found not guilty on all charges.

32.     As a direct result of Defendants Garcia and City's actions the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States' Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 3 - 42 U.S.C. Section 1988 - Malicious Prosecution

33.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 32 as previously listed above as though fully restated herein.

34.     And / or in the alternative, during the investigation of the incident, Defendants Altamar and Lial acted maliciously by providing the police with false and/or misleading information that led Defendants Garcia and City to arrest, detain, and charge the Plaintiff with the crimes listed herein.

35.     Plaintiffs contend that Defendants Altamar and Lial intentionally provided the police with information that was false, baseless, speculative, misleading, and incorrect. Plaintiffs contend that the information intentionally provided by these Defendants led the Defendants City and Garcia to wrongfully arrest, detain, charge, and try the Plaintiff.

36.     Plaintiffs further assert that these statements made by Defendants Altamar and Lial

were what initiated charges to be brought against the Plaintiff without probable cause.

37.     Defendants Altamar and Lial continued to encourage the prosecution of the Plaintiff despite the lack of probable cause. This encouragement continued after the Defendants knew or should have known that the Plaintiff did not commit the crimes they alleged.

38.     The Defendants, Altamar and Lial, testified at trial against the Plaintiff, Henry Lehman and each made knowingly false statements against him.

39.     The case concluded in favor of the Plaintiff as the Plaintiff was found not guilty on all charges.

40.     As a direct result of Defendants Altamar and Lial's actions, the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 4 - False Arrest

41.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 40 as previously listed above as though fully restated herein.

42.     Defendants Garcia and City arrested the Plaintiff without legal justification and with malice.

43.     As a direct result of Defendants Garcia and City's actions, the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages,

including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 5 - False Imprisonment

44.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 43 as previously listed above as though fully restated herein.

45.     Defendants, Garcia and City intentionally detained, incarcerated, restricted and otherwise deprived the freedom of movement of the Plaintiff, Henry Lehman, with his knowledge and against his will for a period of time without legal justification.

46.     As a direct result of Defendants Garcia and City's actions, the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 6 - Defamation of Character

47.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 46 as previously listed above as though fully restated herein.

48.     Defendants Altamar and Lial made knowing false statements to Defendants Garcia and City which resulted in Plaintiff being arrested, detained, and charged with the aforementioned criminal counts.

49.     Defendants Altamar and Lial knew or had reason to know that the statements that each made to Defendants Garcia and City were false.

50.     As a result of disseminating the knowingly false statements, Plaintiff's character and reputation was severely damaged throughout the community. The statements resulted in the Plaintiff's arrest as well as the publication of his name in numerous news outlets including but not limited to television and radio news broadcasts, newspapers, and internet cites.

51.     Prior to his arrest the Plaintiff had never been arrested before in his life. He was a long time employee of a major government contractor with top level security clearances.

52.     As a direct result of these statements and charges, the Plaintiff was restricted from many of his work sites and limited in his job performance capabilities.

53.     As a direct result of Defendants Altamar and Lial's statements and actions, the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 7 - Defamation of Character

54.      Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 53 as previously listed above as though fully restated herein.

55.      Defendants Garcia and City arrested and charged the Plaintiff with the aforementioned criminal charges.

56.      As a result of this arrest and charge, which Defendants knew or through reasonable investigation and/or inspection would have known to be improper the Defendants made false statements to various media outlets regarding the Plaintiff and his character.

57.      As a result of these knowing false statements, Plaintiffs character and reputation was severely damaged. The statements resulted in the publication of the Plaintiffs name in numerous news outlets including but not limited to television and radio news broadcasts, newspapers, and internet cites.

58.      Prior to his arrest the Plaintiff had never been arrested before in his life. He was a long time employee of a major government contractor with top level security clearances.

59.      As a direct result of these statements and charges, the Plaintiff was restricted from many of his work sites and limited in his job performance capabilities.

60.      As a result of this unwanted, undeserved and unwarranted publicity, the Plaintiff s character and reputation were severely damaged in the community.

61.      As a direct result of Defendants Garcia and City's statements and actions, the Plaintiff was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States

Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 8 - Violation of Maryland Constitution

62.    Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 61 as previously listed above as though fully restated herein.

63.    Defendants, Garcia and City violated Articles 24 and 26 of the Maryland State Constitution by subjecting the Plaintiff, James Jones to unreasonable seizures without probable cause and without legal justification and by formally initiating false criminal charges against the Plaintiff.

64.    As a direct result of Defendants Garcia and City's statements and actions, the Plaintiff Henry Lehman was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, and damage to reputation.

## Count 9 - Loss of Consortium

65.    Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 64 as previously listed above as though fully restated herein.

66.    As a result of his arrest and detention, the Plaintiff Henry Lehman was caused to

suffer loss of companionship from his wife and partner Plaintiff Julia Lehman.

67.     The Plaintiff, Henry Lehman was deprived his normal social, emotional, spiritual, recreational, and physical relationship with his wife, his children, minor Plaintiffs Henry Vladimir Lehman and Charles Alexander Lehman, his friends, and his other family members while he was charged with these false charges.

68.     The Plaintiff, Henry Lehman, was deprived the loss of companionship, affection, assistance, and loss or impairment of sexual relations with his wife, Plaintiff Julia Lehman.

69.     The actions of Defendants Garcia, City, Altamar and Lial were responsible for the Plaintiff being wrongly incarcerated, thus they are each responsible for depriving the Plaintiff of these relationships.

70.     As a direct result of Defendants Garcia, City, Altamar and Lial's statements and actions, the Plaintiff Henry Lehman was caused to suffer damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, damage to his reputation, damage to his personal relationship with his wife and family, loss of time with his wife and family, and loss of his normal social, emotional, spiritual, recreational, and physical relationships with his wife, his children, his friends, and his other family members as well as the loss of companionship, affection, assistance, and loss or impairment of sexual relations with his wife.

## Count 10 - Loss of Consortium

71.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 70 as previously listed above as though fully restated herein.

72.     As a result of the arrest and detention of the Plaintiff Henry Lehman, his wife Plaintiff Julia Lehman was caused to suffer loss of companionship from her husband and partner. Said loss of consortium began immediately after the arrest of her husband, Plaintiff Henry Lehman, and continues to date.

73.     The Plaintiff, Julia Lehman was deprived her normal social, emotional, spiritual, recreational, and physical relationship with her husband while he was facing false charges.

74.     The Plaintiff, Julia Lehman, was deprived the loss of companionship, affection, assistance, and loss or impairment of sexual relations with her husband, Plaintiff Henry Lehman.

75.     The actions of Defendants Garcia, City, Altamar and Lial were responsible for the Plaintiff Henry Lehman being wrongly incarcerated, thus they are each responsible for depriving the Plaintiff Julia Lehman of these relationships.

76.     As a direct result of Defendants Garcia, City, Altamar and Lial's statements and actions, the Plaintiff Julia Lehman was caused to suffer damage and injury to her person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond, expenses associated with hiring assistance with the family chores including house work, cleaning, child care, and other daily tasks, as well as non economic damages including but not limited to mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, injury to mental health, worry, damage to her reputation, damage to her personal relationship with her husband, and loss of her

normal social, emotional, spiritual, recreational, and physical relationships with her husband as well as the loss of companionship, affection, assistance, and loss or impairment of sexual relations with her husband.

### Count 11 - Negligence/Gross Negligence/Fraud/Malice

77.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 76 as previously listed above as though fully restated herein.

77.     And/or in the alternative, the Defendants Garcia and City owed a duty to the Plaintiff as a citizen of the City of Frederick, in Frederick County, in the State of Maryland to ensure that he would not be wrongfully arrested, detained, searched, incarcerated, charged, and otherwise harassed by the government.

78.     Defendants Garcia and City owed the Plaintiff a duty to ensure that his Constitutional Rights and Civil Rights would not be violated, and to otherwise ensure that the Plaintiff would be free to enjoy life and liberty and the pursuit of happiness.

79     Defendants Garcia and City breached these duties when they decided to wrongfully arrest, search, seize, detain, incarcerate, and charge the Plaintiff, Henry Lehman without legal justification.

80.     Defendants Garcia and City failed to perform or conduct a basic or minimum investigation to ensure that they had the correct suspect prior to arresting, searching, seizing, detaining, incarcerating, and charging the Plaintiff.

81.     Defendants Garcia and City failed to follow up their initial speculation and conduct further investigations to verify their initial assumptions, when doing so would have prevented the Plaintiff from being arrested, charged, and tried on the aforementioned criminal charges.

82.     Defendants Garcia and City were solely negligent in this matter without any

negligence on the part of the Plaintiffs contributing thereto.

83.     And or in the alternative, Defendant Garcia maliciously falsified documents, statements, and other evidence, mislead or deceived potential witnesses, and otherwise fraudulently gathered information and evidence in an attempt to justify arresting the Plaintiff.

84.     Defendants Garcia and City acted grossly negligent in their complete and total failure to ensure the basic elements of the charges prior to arresting, searching, seizing, detaining, incarcerating, and charging the Plaintiff.

85.     As a direct and proximate result of Defendants Garcia and City's negligence and/or intentional fruad, the Plaintiff was caused to suffer severe damage and injury to his person, including but not limited to, economic damages, including but limited to, loss of income, loss of earning potential, expenses of hiring legal counsel, expenses of transportation, expenses associated with incarceration, expenses of posting bond as well as non economic damages including but not limited to violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, having a potential serious criminal charges pending against him, injury to physical health, injury to mental health, worry, and damage to reputation.

### Count 12 - Intentional Infliction of Emotional Distress

86.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1 - 85 as previously listed above as though fully restated herein.

87.     At the time of the Plaintiff Henry Lehman's arrest his two minor children, were present in the home with their father.

88.     Defendant Garcia knowing the children were present, placed their father under arrested and handcuffed him in front of his young children.

89.     At no point during the encounter was the Plaintiff Henry Lehman uncooperative or posed any risk or threat to the officers or others in the area.

90.     At the time of the arrest minor Plaintiffs' mother was not home and they were being supervised only by their father. There was no other adult in the home.

91.     Despite the fact that Plaintiff Henry Lehman was the only adult in the home, despite the questionable nature of the allegations being made, and despite the relative minor infractions alleged to have occurred, Defendant Garcia placed Plaintiff Henry Lehman under arrest and in handcuffs in front of his young children.

92.     Defendant Garcia and City then removed the young childrens' father from the home in handcuffs and in the back of a police vehicle, prior to the arrival of their mother.

93.     Minor Plaintiffs, Henry Vladimir Lehman and Charles Alexander Lehman were forced to witness their father being handcuffed, arrested, placed in the back of a squad car, and transported to the police station.

94.     Defendants Garcia and City failed to provide proper supervision for the children and failed to wait for Plaintiff Julia Lehman to return home prior to removing Plaintiff Henry Lehman from the scene.

95.     As a direct result of this extreme and outrageous intentional or reckless action on the part of the Defendants, minor Plaintiffs Henry Vladimir Lehman and Charles Alexander Lehman were caused to suffer extreme and severe emotional distress.

96.     As a result of this distress, both children have been forced to see therapists and counselors to address the numerous psychological and emotional distress they experienced.

97.     As a direct and proximate result of Defendants Garcia and City's actions, the minor Plaintiffs Henry Vladimir Lehman and Charles Alexander Lehman were caused to suffer severe

damage and injury to his person, including but not limited to, economic damages, including but limited to, medical expenses, expenses of transportation, as well as non economic damages including but not limited mental anguish, emotional pain and suffering, physical pain and suffering, humiliation, anxiety, injury to physical health, and injury to mental health, worry.

WHEREFORE., Plaintiff, Henry Lehman, demands judgment against Defendants, the City of Frederick, Mr. JA Garcia, Ms. Ana Altamar, and Ms. Rosemary Lial jointly and severely in the amount of ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages and SIX MILLION DOLLARS in punitive damages ($6,000,000.00) plus legal fees, attorney costs, interest and the costs of this action and such other and further relief as the Court deems fair, just, and proper.

WHEREFORE, Plaintiff, Julia Lehman, demands judgment against Defendants, the City of Frederick, Mr. JA Garcia, Ms. Ana Altamar, and Ms. Rosemary Lial jointly and severely in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and TWO MILLION DOLLARS in punitive damages ($2,000,000.00) plus legal fees, attorney costs, interest and the costs of this action and such other and further relief as the Court deems fair, just, and proper.

WHEREFORE, Plaintiff, Henry Lehman as parent and next of friend of minor Henry Vladimir Lehman, demands judgment against Defendants, the City of Frederick, Mr. JA Garcia, Ms. Ana Altamar, and Ms. Rosemary Lial jointly and severely in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages and ONE MILLION DOLLARS in punitive damages ($1,000,000.00) plus legal fees, attorney costs, interest and the costs of this action and such other and further relief as the Court deems fair, just, and proper.

WHEREFORE, Plaintiff, Henry Lehman as parent and next of friend of minor Charles

Alexander Lehman, demands judgment against Defendants, the City of Frederick, Mr. JA Garcia,

Ms. Ana Altamar, and Ms. Rosemary Lial jointly and severely in the amount of FIVE HUNDRED

THOUSAND DOLLARS ($500,000.00) in compensatory damages and ONE MILLION

DOLLARS in punitive damages ($1,000,000.00) plus legal fees, attorney costs, interest and the

costs of this action and such other and further relief as the Court deems fair, just, and proper.


Respectfully submitted,

**PATRICK J. CHRISTMAS
& ASSOCIATES, P.C.**

Patrick,J.        stmas, #11708
Justin        unzio, #09461
Stephen M. Gensemer, #16674
8401 Colesville Road, Suite 510
Silver Spring, MD 20910
(301) 589-3009
fax (301) 589-1909
pchristmas@christmaslaw.com
*Counsel for Plaintiff*


## JURY DEMAND

The Plaintiffs hereby demands a trial by jury as to all issues contained herein.


Stephen M. Gensemer, Esquire