**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

HENRY LEHMAN, et al.,                    *

      Plaintiffs                    *

v.                                       *        Civil No. CCB 08-CV-1012

CITY OF FREDERICK, MARYLAND,
ET AL.                                   *

      Defendants.                   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OF REASONING AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT,
AND MOTION TO BIFURCATE,
BY CITY OF FREDERICK, AND DETECTIVE GARCIA**

Respectfully Submitted,
JORDAN COYNE & SAVITS, L.L.P.

By:_____/s/ David B. Stratton_____
   David B. Stratton, Esq. #11508
   1100 Connecticut Avenue, NW
   Suite 600
   Washington, DC  20036
   (202) 296-4747
   Fax:  (202) 496-2800
   d.stratton@jocs-law.com

   Counsel for Defendants City of
   Frederick, MD, and J.A. Garcia

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

A.  Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

B.  Allegations of the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

A.  Counts 1 and 2 fail to state a claim upon which relief can be
    granted as against the City of Frederick, Maryland . . . . . . . . . . . . . .   8

B.  Counts 1, 2 and 8 must be dismissed because Detective Garcia had
    probable cause to make the arrest . . . . . . . . . . . . . . . . . . . . . . . . . .   10

C.  Plaintiffs failed to give sufficient notice under the LGTCA for many
    of their claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

D.  Counts 4, 5, 7, 9, 10, 11 and 12 as against the City of Frederick
    must be dismissed under the doctrine of immunity . . . . . . . . . . . . . .   14

E.  Counts 4, 5, 7, 9, 10, 11 and 12 as against Detective Garcia must be
    dismissed, because Detective Garcia had probable cause to arrest
    Mr. Lehman and legal authority to make the arrest, and is protected
    by qualified immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

F.  Count 7, Defamation fails to state a claim upon which relief may be
    granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

G.  Count 12, Intentional Infliction of Emotional Distress, fails as a
    matter of law to state a claim upon which relief may be granted . . . .   22

H.  Plaintiffs' claims for punitive damages must be dismissed . . . . . . . .   24

I.   Even assuming, arguendo, that the Complaint stated a claim against
    The City and Detective Garcia, bifurcation would be appropriate . .   25

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   26

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) . . . . . . . 8, 9

*Bibum v. Prince George's County*, 85 F. Supp. 2d 557 (Md. 2000) . . . . . . . . . . . . . . 13

*Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . 11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) . . . . 8

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Clipper v. Tokoma Park*, 876 F.2d 17 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Curtis v. Pracht*, 202 F. Supp. 2d 406 (D. Md. 2002) . . . . . . . . . . . . . . . . . . . . . . . 19, 24

*Dunaway v. New York*, 442 U.S. 200, 99 S. Ct. 2248 (1979) . . . . . . . . . . . . . . . . . . . 10

*Fayetteville, N.C. v. Spell*, 484 U.S. 1027, 108 S. Ct. 752, 98 L. Ed. 2d 765 (1988) . . . 9

*Felty v. Graves-Humphreys Co.*, 818 F.2d 1126 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . 8

*Goehring v. United States*, 870 F. Supp. 106 (D. Md. 1994), *appeal dismissed*, 96 F.3d 1438 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gray-Hopkins v. Prince George's County, Md.*, 309 F.3d 224 (4th Cir. 2002) . . . . 16, 20

*Hector v. Weglein*, 558 F. Supp. 194 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*J.D. Associates Ltd. Partnership*, 213 F.3d 175 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . 7

*Jordan by Jordan v. Jackson*, 15 F.3d 333 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 9

*Lambert v. Williams*, 223 F.3d 257 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lanford v. Prince George's County*, 199 F. Supp. 2d 297 (D. Md. 2002) . . . . . . . . . . . 13

*Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D. Md. 1991), *affirmed*, 986 F.2d 689 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Monell v. New York Department of Social Services*, 436 U.S. 658 (1978) . . . . . . . . 9, 25

*Muntjan v. Waltemeyer*, 166 F. Supp. 2d 424 (D. Md. 2001), *appeal dismissed*,
      38 Fed. Appx. 170 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pulliam Investment Co. v. Cameo Properties*, 810 F.2d 1282 (4th Cir. 1987) . . . . . . . . 8

*Rich v. United States*, 158 F. Supp. 2d 619 (D. Md. 2001) . . . . . . . . . . . . . . . . . . . . . 19

*Schatz v. Rosenberg*, 943 F.2d 485 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Semple v. City of Moundsville*, 195 F.3d 708 (4th Cir. 1999), *cert. denied*, 528
      U.S. 1189 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Silvera v. Home Depot U.S.A., Inc.*, 189 F. Supp. 2d 304 (D. Md. 2002) . . . . . . . . . . 19

*Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Temkin v. Frederick County Comm'rs*, 945 F. Supp. 716 (4th Cir. 1991) . . . . . . . . . . 25

*Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) . . . . . . . . . . . . . . 18

*Tinch v. United States*, 189 F. Supp. 2d 313 (D. Md. 2002) . . . . . . . . . . . . . . . . . . . . . 19

*Williams v. Prince George's County*, 157 F. Supp. 2d 596 (D. Md. 2001) . . . . . . . . . 15

## STATE CASES

*Ashton v. Brown*, 339 Md. 70, 660 A.2d 447 (1995) . . . . . . . . . . . . . . . . . 12, 15, 16, 18

*Austin v. City of Baltimore*, 286 Md. 51, 405 A.2d 255 (1979) . . . . . . . . . . . . . . . . . . 16

*Batson v. Shiflett*, 325 Md. 684 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Canaj, Inc. v. Baker and Division Phase III*, 391 Md. 374, 893 A.2d 1067 (2006) . . . 11

*Carter v. State*, 367 Md. 447, 788 A.2d 646 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Clea v. City of Baltimore*, 312 Md. 662, 541 A.2d 1303 (1988) . . . . . . . . . . . . . . . . . . 15

*Cotham v. Board of County Comm'rs*, 260 Md. 556, 273 A.2d 115 (1971) . . . . . . . . .   12

*Cuffia v. State*, 14 Md. App. 521, 287 A.2d 319 (1972) . . . . . . . . . . . . . . . . . . . . . . .   19

*Darcars Motors of Silver Spring, Inc. v. Borzym*, 150 Md. App. 18, 818 A.2d
   1159 (2003), *aff'd*, 379 Md. 249, 841 A.2d 828 (2004) . . . . . . . . . . . . . . . . . . . . . . .   24

*Davis v. DiPino*, 99 Md. App. 282, 637 A.2d 475 (1994) . . . . . . . . . . . . . . . . . . .   10, 16

*Edger v. Burke*, 96 Md. 715, 54 A. 986 (1903) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Evans v. State*, 11 Md. App. 451, 274 A.2d 653 (1971) . . . . . . . . . . . . . . . . . . . . . . .   10

*Gay v. William Hill Manor, Inc.*, 74 Md. App. 51, 536 A.2d 690, *cert. denied*, 312
   Md. 601, 541 A.2d 964 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

*Godwin v. County Commissioners*, 256 Md. 326, 260 A.2d 295 (1970) . . . . . . . . . . .   16

*Green v. Brooks*, 125 Md. App. at 367, 725 A.2d at 605 . . . . . . . . . . . . . . . . . . . . . . .   18

*Grubbs v. Prince George's County*, 267 Md. 318, 297 A.2d 754 (1972) . . . . . . . .   12, 13

*Hamilton v. Fort Motor Credit Co.*, 66 Md. App. 46 (1986) . . . . . . . . . . . . . . . . . . . . .   23

*Harris v. Jones*, 281 Md. 560 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

*Hines v. French*, 157 Md. App. 536 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

*Kentucky Fried Chicken National Management Co. v. Weathersby*, 326 Md.
   663 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

*Lovelace v. Anderson*, 366 Md. 690, 785 A.2d 726 (2001) . . . . . . . . . . . . . . . . . . . . . .   20

*Madore v. Baltimore County*, 34 Md. App. 340, 367 A.2d 54 (1976) . . . . . . . . . . . . . .   13

*Manikhi v. Mass Transit Admin.*, 360 Md. 333, 758 A.2d 95 (Md. 2000) . . . . . . . . . .   18

*Mareck v. Johns Hopkins University*, 68 Md. App. 217, 482 A.2d 17 (1984), *cert.
   denied*, 302 Md. 288, 487 A.2d 292 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

*Mitchell v. Baltimore Sun Co.*, 164 Md. App. 497 (2005) . . . . . . . . . . . . . . . . . . . . . . .   22

*Montgomery Ward v. Wilson*, 339 Md. 701, 664 A.2d 916 (1995) . . . . . . . . . . . . .   18, 24

*Muthukumarana v. Montgomery County*, 370 Md. 447, 805 A.2d 372 (2002) . . . . . . .   20

*Neuenschwander v. Washington Suburban Sanitary Commission*, 187 Md.
   67, 48 A.2d 593 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nilson v. State*, 272 Md. 179, 321 A.2d 301 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Okwa v. Harper*, 360 Md. 161, 757 A.2d 118 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Peroutka v. Streng*, 116 Md. App. 301, 695 A.2d 1287 (1997) . . . . . . . . . . . . . . . . . . . 22

*Prieto v. May Department Stores Co.*, 216 A.2d 577 (D.C. App. 1966) . . . . . . . . . . . . 19

*Town of Port Deposit v. Petetit*, 113 Md. App. 401, 688 A.2d 54 *cert. denied*,
   346 Md. 327, 694 A.2d 950 (1997)( . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Williams v. Prince George's County*, 112 Md. App. 526, 685 A.2d 884 (1996) . . . . . . 24

*Woodward v. District of Columbia*, 387 A.2d 726 (D.C. App. 1978) . . . . . . . . . . . . . . 19

## FEDERAL STATUTES

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 10

Fed. R. Civ. P. 12(b)(6) and 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 42(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   25

## STATE STATUTES

Local Government Tort Claims Act (LGTCA), Md. Cts. & Jud. Proc. Code Ann.
   § 5-301, et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Md. Cts. & Jud. Proc. Code Ann. §5-507(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Maryland Criminal Procedure Code, §2-202 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Md. Criminal Law Code §10-606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 18

**MISCELLANEOUS**

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| HENRY LEHMAN, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil No. CCB 08-CV-1012 |
| CITY OF FREDERICK, MARYLAND, ET AL. | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OF REASONING AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT,
AND MOTION TO BIFURCATE,
BY CITY OF FREDERICK, AND DETECTIVE GARCIA**

Defendants City of Frederick, Maryland, and Detective J.A. Garcia, by and through the

undersigned counsel, David B. Stratton, Esq., and Jordan Coyne & Savits, LLP, and pursuant to

Fed. R. Civ. P. 12(b)(6) and 56, hereby submit the following memorandum of grounds and

authorities in support of their motion  to dismiss or, in the alternative, move for summary

judgment.  As grounds therefore, these Defendants state as follows:

**I. INTRODUCTION**

**A.  Facts**

This began as the case of a little dog who was beaten with a stick.  It is now also the

subject of a federal lawsuit involving Counts for violations of 42 U.S.C. section 1983, false

arrest, false imprisonment, defamation of character, violation of the Maryland Constitution, loss

of consortium, negligence, and intentional infliction of emotional distress.

The dog was a 13 year old Maltese named Muneca, weighing in at 6.6 pounds, owned by

Ms. Ana Altamar, one of the co-defendants.  On the evening of March 20, 2007, Ms. Altamar

had opened her front door at 2142 Chestnut Lane in Frederick, Md., and the dog ran between her

legs and out into her yard.  *See* Exhibit A, p. 2.

According to Ms. Altamar, the dog ran barking towards a man standing on the sidewalk.

Ms. Altamar yelled to the man that it's ok.  *Id.*  According to Ms. Altamar, the man had a stick

and began to strike the dog, and hit the dog three times.  *Id.*  Ms. Altamar ran towards the man

screaming, "No, No, No, it's ok."  *Id.*  Ms. Altamar approached the man and snatched her dog up.

*Id.*  Ms. Altamar recognized the man as her next door neighbor. *Id.*

Shortly thereafter, two teenage girls, who were the grand-daughters of Ms. Altamar, rang

the doorbell at 2144 Chestnut and accused Mr. Lehman, the man who lived there, of doing

something to their dog.  *Id.*, p. 1.

Calls to the police were placed from both houses.  *Id.*, p. 1.

Detective Garcia of the City of Frederick Police Department, and other officers,

responded to the scene.  *Id.*, p. 1.  He spoke to Mr. Lehman first.  *Id.*, p. 1. Mr. Lehman denied

doing anything to the dog, and denied that he had even been outside.  *Id.*, p. 1.  Detective Garcia

then interviewed the teenagers.  *Id.*, p. 1. The teenage girls alleged that Mr. Lehman had beat

their grandmother's little dog with a stick or bat, and that their parents had driven the dog to the

animal hospital, and that the dog was having a seizure and appeared to be in a lot of pain. *Id.*, p.

1.  However, they didn't see Mr. Lehman strike the dog, they said their grandmother saw it. *Id*., p. 1.

Detective Garcia then interviewed the grandmother, Ana Altamar, at 2142 Chestnut Lane. *Id*., p. 2.  She described the man who beat her little dog as a man in his 50's who was wearing dark clothing, and that she believed the weapon was a cane or a walking stick. *Id*., p. 2. Another police officer, Officer Wheeler, was talking to Mr. Lehman outside of his residence. *Id*., p. 2. Detective Garcia observed that Mr. Lehman was wearing a dark blue shirt and dark blue sweat pants. *Id*., p. 2.

Detective Garcia asked Ms. Altamar whether the man talking to Officer Wheeler was the man who struck her dog. *Id*., p. 2. She said that it was him. *Id*., p. 2.

Detective Garcia contacted the animal control officer.  It was determined that the dog had been transported to the Frederick Veterinary Animal Hospital. *Id*., p. 2. The animal hospital reported that the canine had swelling to the brain and was given medication to attempt to bring the swelling down. *Id*., p. 2. Photographs were taken of the little dog by the animal control officer, who later gave them to Detective Garcia.  Exhibit D.  The chart from the veterinary hospital obtained subsequently indicated that the dog had a soft tissue swelling just behind the right eye, and that the dog's pupils were asymmetrical.  Exhibit C.

Detective Garcia placed Mr. Lehman under arrest and transported him to Frederick Central Booking.  Exhibit A., p. 2.  A police officer stayed with the Lehman children until Mrs. Lehman could get home from a community college where she was taking a course. *See* Affidavit of J.A. Garcia, attached.

Mr. Lehman was charged with a violation of Md. Criminal Law Code §10-606, which is a

felony, in that he caused the intentional cruel beating of an animal, to wit, the 13 year old

Maltese.  Exhibit B.  He was also charged with a violation of Md. Criminal Law Code § 6-301,

in that he did wilfully and maliciously injury a 13 year old Maltese dog, the property of Ana

Altamar, the amount of damage having a value of $500.00 or more.  *Id*.  A District Court

Commissioner found probable cause.  *Id*.

**B. Allegations of the Complaint**

The Complaint concedes that Detective Garcia had a conversation with Defendant

Altamar, who stated that she observed her neighbor, Henry Lehman, strike or beat her dog with a

stick or bat.  Complaint, ¶ 8.  The complaint appears to fault Detective Garcia for arresting Mr.

Lehman despite the fact that Defendant Garcia never saw the dog, the alleged weapon, or any

physical evidence of the incident such as blood or fur, and that he did not interview any other

witnesses to the alleged event.  *Id*., ¶ 10.  According to the Complaint, Detective Garcia placed

Mr. Lehman under arrest, and handcuffed him in front of his two young children, ages two and

six.  *Id*.

The Complaint alleges that despite "the lack of evidence against Mr. Lehman and the

overwhelming evidence in his favor, Defendants Altamar, City, Lial, and Garcia continued to

prosecute the Plaintiff."  *Id*., at ¶ 14.

Count 1 is captioned 42 U.S.C. § 1983 - Unlawful Arrest.  Count 1 alleges that City of

Frederick defendants acted improperly in arresting Mr. Lehman, when they lacked the requisite

level of probable cause.  *Id*., ¶ 19.  Plaintiffs allege that at no time prior to the arrest, did the

Defendants see the dog that was allegedly struck, nor did they interview any individual that could corroborate Defendant Altamar's statements.  *Id.*, ¶ 22.

Count 2 is captioned  42 U.S.C. § 1988- Malicious Prosecution.  In Count 2, the Plaintiffs allege that the City of Frederick defendants "conducted an investigation that failed to reveal even a scintilla of physical evidence nor any statements to corroborate" the statement made by Ms. Altamar.  *Id.*, ¶ 26.  Plaintiffs allege that the City of Frederick defendants "failed to locate the alleged damaged or injured dog."  *Id.*, ¶ 27.  Plaintiffs fault the City of Frederick defendants for failing to locate the alleged weapon, or to interview additional witnesses.  Id.  Plaintiffs again allege that the charges were initiated without probable cause.  *Id.*, ¶ 29.  They allege that the City of Frederick defendants "maliciously encouraged the prosecution of the Plaintiff to continue their case without probable cause and when they knew or reasonably should have known that the Plaintiff did not commit the crime."  *Id.*, ¶ 30.

Count 3 is directed against Defendants Altamar and Lial only, and also is captioned 42 U.S.C. Section 1988 - Malicious Prosecution.

Count 4 is captioned "False Arrest", and alleges that the City of Frederick defendants "arrested the Plaintiff without legal justification and with malice."  *Id.*, ¶ 42.

Count 5 is captioned "False Imprisonment", and alleges that the City of Frederick defendants "intentionally detained, incarcerated, restricted and otherwise deprived the freedom of movement of the Plaintiff . . . with his knowledge and against his will for a period of time without legal justification."  *Id.*, ¶ 45.

Count 6 is captioned "Defamation of Character", and is directed at Defendants Altamar

and Lial only.

Count 7 is captioned "Defamation of Character", and is directed against the City of Frederick defendants.  Plaintiffs allege that the City of Frederick defendants "made false statements to various media outlets regarding the Plaintiff and his character." *Id.*, ¶ 56.  Plaintiffs allege that these statements "resulted in the publication of the Plaintiff's name in numerous news outlets including but not limited to television and radio news broadcasts, newspapers, and internet cites." *Id.*, ¶ 57.

Count 8 is a claim against the City of Frederick defendants, based on violations of Articles 24 and 26 of the Maryland State Constitutions.  Plaintiffs allege that those provisions were violated when Mr. Lehman was subjected to "unreasonable seizures without probable cause and without legal justification and by formally initiating false criminal charges against the Plaintiff." *Id.*, ¶ 63.

Counts 9 and 10 are loss of consortium claims by Henry Lehman and Julia Lehman, respectively.

Count 11 is captioned, "Negligence/Gross Negligence/Fraud/Malice."  Plaintiffs allege that the City of Frederick defendants breached duties owed to them "when they decided to wrongfully arrest, search, seize, detain, incarcerate, and charge the Plaintiff, Henry Lehman without legal justification." *Id.*, ¶ 79.  Plaintiffs allege that the City of Frederick defendants "failed to perform or conduct a basic or minimum investigation to ensure that they had the correct suspect prior to arresting and charging Mr. Lehman. *Id.*, ¶ 80.  Plaintiffs allege in the alternative that Detective Garcia "maliciously falsified documents, statements, and other

evidence, mislead or deceived potential witnesses, and otherwise fraudulently gathered information and evidence in an attempt to justify arresting the Plaintiff." *Id.*, ¶81.

Count 12 is captioned, "Intentional Infliction of Emotional Distress." This claim is based on Detective Garcia's act of handcuffing Mr. Lehman, allegedly in front of the two Lehman children, ages 2 and 6. *Id.*, ¶ 88. Plaintiffs allege that the minor plaintiffs "were forced to witness their father being handcuffed, arrested, placed in the back of a squad car, and transported to the police station." *Id.*, ¶ 93. Plaintiffs allege that the City of Frederick defendants "failed to provide proper supervision for the children", *id.*, ¶ 94; however, in ¶ 11 of the Complaint, which is incorporated by reference in Count 12, the Plaintiffs concede that the children were left in the custody of a member of the Frederick City Police Department until their mother returned home.

## II.  ARGUMENT

In deciding a motion to dismiss a complaint, the facts alleged in the complaint must be assumed true and be considered in a light most favorable to the plaintiff. *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While construing those facts in a light most favorable to plaintiff, however, the Court need not accept as true the legal conclusions drawn from those facts. *Id.*, (citing *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991)). Similarly, the Court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Id.* (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990 & 1998 Supp.)).

Although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). The

factual allegations contained in a complaint "must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id*. at 1965. Thus, a complaint must allege "enough facts to state a claim to

relief that is plausible on its face." Id. at 1974.

Summary Judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548,

91 L. Ed. 2d 265 (1986);  *see also Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.

1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually

unsupported claims and defenses from proceeding to trial).  A material fact is one that may affect

the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

91 L. Ed. 2d 202 (1986). Nevertheless, in determining whether there is a genuine issue of

material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in

the light most favorable to the non-moving party. *Pulliam Inv. Co. v. Cameo Properties*, 810

F.2d 1282, 1286 (4th Cir. 1987).

**A.  Counts 1 and 2 fail to state a claim upon which relief can be granted as against the City of Frederick, Maryland**

It is axiomatic that a municipality may not be sued under Section 1983 on a *respondeat*

*superior* theory of liability.  Its liability requires that any Constitutional deprivation be

attributable to a government official whose acts may fairly be said to represent official policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482- 83 (1986); *Monell v. New York Department of Social Services*, 436 U.S. 658, 690- 694 (1978).  Under *Monell* and its progeny, "municipal liability results only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury.'" *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987), *cert. denied sub nom. City of Fayetteville, N.C. v. Spell*, 484 U.S. 1027, 108 S. Ct. 752, 98 L. Ed. 2d 765 (1988) (quoting *Monell*, 436 U.S. at 694).

Plaintiffs seeking to impose liability pursuant to § 1983 must "adequately and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994); *see also Semple v. City of Moundsville*, 195 F.3d 708 (4th Cir. 1999), *cert. denied*, 528 U.S. 1189 (2000).

In the case at bar, the Plaintiffs have not alleged that any policy statement, ordinance, regulation, decision or custom of the City of Frederick contributed to the alleged violation of Plaintiffs' constitutional rights.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

**B.  Counts 1, 2, and 8 must be dismissed because Detective Garcia had probable cause to make the arrest[1]**

"[U]nder the fourth amendment, probable cause for arrest exists where the facts and circumstances within [the officer's] knowledge and of which [he] had reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed by the person to be arrested" *Clipper v. Tokoma Park*, 876 F.2d 17, 19 (4th Cir. 1989) (quoting *Dunaway v. New York*, 442 U.S. 200, 208 n.9, 99 S.Ct. 2248, 2254 n.9 (1979). A police officer is entitled to rely on information he receives from other sources to justify an arrest of a person, even though the officer conducting the arrest or detention does not himself know the facts that give rise to probable cause. *Evans v. State*, 11 Md. App. 451, 274 A.2d 653 (1971)(probable cause based on information from victim of crime).

To state a claim under the Maryland Constitution similar to 42 U.S.C. § 1983, the following elements must be pleaded:  1) That the defendant-officer engaged in activity that violated a right protected under the Maryland Constitution; and 2) The defendant-officer engaged in such activity with actual malice toward the plaintiff.  *Davis v. DiPino*, 99 Md. App. 282, 637 A.2d 475 (1994), *rev'd on other grounds*, 337 Md. 642, 655 A.2d 401 (1995).

Article 24 protects substantive due process rights and Article 26 protects the right to be free from unreasonable searches and seizures; the statutes are construed in pari materia with the

---

[1]  In *Lambert v. Williams*, 223 F.3d 257 (4th Cir. 2000), the Fourth Circuit clarified that: There is no such thing as a § 1983 malicious prosecution' claim. What we termed a "malicious prosecution" claim in Brooks is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution . . . . *Id.* at 262.    Therefore, the same analysis is applied to both Counts 1 and 2.

Fourteenth and Fourth Amendments of the United States Constitution, respectively. *See Canaj,*

*Inc. v. Baker and Div. Phase III*, 391 Md. 374, 424, 893 A.2d 1067 (2006); *see also Carter v.*

*State*, 367 Md. 447, 458, 788 A.2d 646 (2002).

Here, Detective Garcia had probable cause.  Mr. Lehman was positively identified by Ms.

Altamar as the man who hit Ms. Altamar's diminutive dog with a stick.  Even Plaintiffs'

complaint concedes that Ms. Altamar so identified Mr. Lehman.  *See* Complaint, ¶ 8.  Ms.

Altamar resided at 2142 Chestnut Lane, and Mr. Lehman resided at 2144 Chestnut Lane – they

were, and are, next door neighbors.  Further, Ms. Altamar told Detective Garcia that she had

hurried out of the house to retrieve her dog, and thus was able to view the man who had hit her

dog at close range.   It was reasonable for Detective Garcia to conclude that Ms. Altamar could

accurately identify the person who struck her dog as her next door neighbor. Detective Garcia

knew that the dog was injured because witnesses told him that it was having seizures or

convulsions.  At some point, Detective Garcia also contacted the animal hospital to confirm that

the dog was injured, and learned that the dog was being treated for swelling of the brain.   The

Animal Control Officer brought Detective Garcia photographs of the dog and a copy of the dog's

veterinary chart.  *See* Exhibits C, D.  The District Court Commissioner found that there was

probable cause for the charges.  *See* Exhibit A.

Counts 1 and 2 should also be dismissed under the doctrine of qualified immunity.

In *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996), the Court stated that

"the Fourth Amendment requires that arrests be made based upon probable cause and that a

neutral detached judicial officer evaluate probable cause as a condition of significant pretrial

restraint of liberty. Once a pretrial seizure has been rendered reasonable by virtue of a probable

cause determination by a neutral and detached magistrate, the continuing pretrial seizure of a

criminal defendant—either by detention or by bond restrictions—is reasonable." *Id.* at 184.

For all of the foregoing reasons, the arrest and detention of Mr. Lehman satisfied the

objective reasonableness standard, and consequently Detective Alston is entitled to qualified

immunity on summary judgment.

### C.  Plaintiffs failed to give sufficient notice under the LGTCA for many of their claims

With regard to any possible state law tort claims against the City of Frederick and

Detective Garcia, the preliminary issue is the Plaintiffs' failure to comply with the notice

provision of the Local Government Tort Claims Act (LGTCA). Md. Code Ann., Cts. & Jud.

Proc. § 5-304 (1998); *see Ashton v. Brown*, 339 Md. 70, 660 A.2d 447, 465 n.19 (1995) (holding

that the LGTCA applies to constitutional torts).  The majority of Plaintiffs' state law tort claims

are barred by their failure to provide adequate notice of their claims in accordance with the

LGTCA.

Section 5-304(a) of the LGTCA provides that "an action for unliquidated damages may

not be brought against a local government or its employees unless the notice of the claim

required by this section is given within 180 days after the injury."  The notice is a condition

precedent to the right to maintain an action for damages, *Grubbs v. Prince George's County*, 267

Md. 318, 297 A.2d 754, 755-56 (1972) (*citing Cotham v. Board of County Comm'rs*, 260 Md.

556, 273 A.2d 115 (1971); *Neuenschwander v. Washington Suburban Sanitary Comm'n*, 187 Md.

67, 48 A.2d 593 (1946)), and compliance with the notice provision must be alleged in the

complaint as a substantive element of the cause of action. *Madore v. Baltimore County*, 34 Md.

App. 340, 367 A.2d 54, 56 (1976).

The contents of the notice must be examined for compliance with the LGTCA in light of

the allegations of the Complaint:

> The courts have held that "the notice requirement can be met by substantially
> complying with the provisions of the statute." *Bibum v. Prince George's County*,
> 85 F. Supp.2d 557, 564 (Md. 2000), *citing Loewinger v. Prince George's County*,
> 292 A.2d 67, 68 (Md. 1972). The purpose of the notice statute is "to have the
> claimant furnish the municipal body with sufficient information to permit it to
> make an investigation in due time, sufficient to ascertain the character and extent
> of the injury and its responsibility in connection with it." *Grubbs*, 297 A.2d at
> 756. The letter, thus, must be analyzed in light of the contentions now being made
> in this lawsuit.

*Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 303-304 (D. Md. 2002).

Here, counsel for Mr. Lehman's notice dated August 9, 2007, stated in pertinent part that:

> This letter is to inform the City that Mr. Lehman is pursuing civil action against
> the City for his arrest and the treatment of his family surrounding his arrest on
> March 20, 2007.  Pursuant to . . . § 5-304(b)(3) and the Local Tort Claims Act
> generally, the injury occurred at 2144 Chestnut Lane, Frederick City, Frederick
> County, Maryland on or about March 20, 2007 at approximately 1849 hours.  The
> cause of the injury was the arrest and the treatment of Mr. Lehman's family
> surrounding his arrest by members of the Frederick Police Department
> specifically, but not limited to, Officer J.A. Garcia.

*See* Exhibit E.

This notice did not comply with the LGTCA in many respects, when compared with the

Complaint at bar.  First, there was no notice given that Mrs. Lehman, and the two minor

plaintiffs, would also be bringing claims for damages.  The only claimant specified was Mr.

Lehman.  Second, there was no information given as to what claims would be made based on the arrest.  Third, the notice says nothing whatsoever about any allegations of defamation, or false statements to various media outlets after the arrest, or damage to Mr. Lehman's reputation resulting from such statements after the arrest.  Fourth, there is no mention of any allegations that Officer Garcia "maliciously falsified documents, statements, and other evidence, mislead or deceived potential witnesses, and otherwise fraudulently gathered information and evidence in an attempt to justify arresting the Plaintiff."  See Complaint, ¶ 81.  Fifth, there is no notice given of any allegation of intentional infliction of emotional distress.

Accordingly, the claims of Julia Lehman and the two minor plaintiffs should be dismissed in their entirety.  As for Mr. Lehman's claims, there was no notice whatsoever under the LGTCA concerning Counts 7, defamation, and Count 12, intentional infliction of emotional distress. There was no notice given of a malicious prosecution claim.  There was no notice given of any claims based on allegations that Detective Garcia maliciously falsified evidence <u>after</u> the arrest to attempt to justify arresting Mr. Lehman.  Therefore, Count 11 should be dismissed to the extent it pertains to anything that occurred following the arrest.

### D.  Counts 4, 5, 7, 9, 10, 11 and 12 as against the City of Frederick must be dismissed under the doctrine of immunity

The City of Frederick is not liable for any of the alleged State law torts supposedly committed by Detective Garcia because such torts would have been committed while the officer was acting in a governmental capacity, and a local government entity such as the City of Frederick is immune from liability for tortious conduct committed while acting in a

governmental capacity.

A Maryland municipality is:

> entitled to governmental immunity. *Nam*, 127 Md. App. at 183, 732 A.2d at 362.
> ("When the state gives a city or county part of its police power to exercise, the city
> or county to that extent is the state."). Specifically, municipalities are generally
> immune from common law tort suits when engaged in governmental, as opposed
> to proprietary, acts. *Id.*; *see also Ashton v. Brown*, 339 Md. 70, 101, 660 A.2d
> 447, 462-63 (1995) (*citing Clea v. City of Baltimore*, 312 Md. 662, 667, 541 A.2d
> 1303, 1305 (1988)). "The operation of a police force is a governmental function."
> *Hector v. Weglein*, 558 F. Supp. 194, 206 (1982) (citations omitted).

*Williams v. Prince George's County*, 157 F. Supp. 2d 596, 603-604 (D. Md. 2001).  *See also*

*Strebeck*, 2005 U.S. Dist. LEXIS 26570, at *2-3 ("Although plaintiff seeks to hold the County

liable under the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Sec.

5-301 et seq., he misreads the Act. It does not impose direct liability upon a local government but

merely provides that 'a local government shall be liable for any judgment against its employee for

damages resulting from tortious acts or omissions committed by the employee within the scope

of employment with the local government.' Section 5-303(b)(1).").

Maryland's Court of Special Appeals has held that the statutory immunity provision of

the LGTCA applies to state constitutional torts, such as the Article 24 and 26 claims asserted in

the Complaint.  *Town of Port Deposit v. Petetit*, 113 Md. App. 401, 417, 688 A.2d 54, 62, *cert.*

*denied*, 346 Md. 327, 694 A.2d 950 (1997)(recognizing applicability of statutory immunity to

claim of battery and claim under Maryland Declaration of Rights because "immunity of a police

officer from liability for torts committed while acting in a discretionary capacity, without malice,

within the scope of his authority, applies to non-constitutional torts, such as battery, as well as to

constitutional torts.")  *Cf., Ashton v. Brown*, 339 Md. 70, 107 n.19, 660 A.2d 447, 465 n.19

(1995)(discussing statutory immunity provision of the LGTCA, Court stated that "there is no

exception in the Local Government Tort Claims Act for constitutional torts. In fact, there is no

exception in the statutory language for any category of torts.").

The Fourth Circuit, applying Maryland law, concluded that a "[c]ounty enjoys

governmental immunity with respect to the claims that seek to impose respondeat superior

liability for an intentional tort committed by [a police officer]." *Gray-Hopkins v. Prince George's

County, Md.*, 309 F.3d 224, 234 (4th Cir. 2002). Under Maryland law, a municipality "is immune

from liability for tortious conduct committed while the entity was acting in a governmental

capacity." *Id*. (*citing DiPino*, 354 Md. at 47-48).

Assuming that Detective Garcia was acting within the scope of his employment so as to

render *respondeat superior* applicable, he was performing a governmental function. *DiPino*, 354

Md. at 47-48 (holding that law enforcement is a governmental function). Therefore, the City of

Frederick is entitled to governmental immunity from liability for any of the common law torts

allegedly committed by Detective Garcia or other Frederick Police Department officers.

Unless waived by the General Assembly, local governments and agencies are immune

from suit for tortious conduct which occurred in the exercise of a "governmental" rather than a

"proprietary" function. *Austin v. City of Baltimore*, 286 Md. 51, 53, 405 A.2d 255, 256 (1979).

*See also, Godwin v. County Commissioners*, 256 Md. 326, 334, 260 A.2d 295, 299 (1970).

The activities of a police department pursuant to, or under its law enforcement authority,

is a governmental function, entitling the county or municipality to govemmental immunity. See,

*Town of Port Deposit v. Petetit*, 113 Md. App. 401 420, 688 A.2d 54, 64 (1997).

In this case, the asserted liability against the City of Frederick, Maryland, arises out of a governmental function-the exercise of police power. These acts are authorized by legislation and performed for the benefit of the public with no profit or private interest inuring to the County. Therefore, the City of Frederick, Maryland, is immune from any tort liability arising from Defendant Garcia's allegedly wrongful acts.

Moreover, pursuant to the Local Government Tort Claims Act (LGTCA), Md. Cts. & Jud. Proc. Code Ann. § 5-301, et seq., the City of Frederick can raise on its own behalf the immunity of its agent. § 5-303(e) states:

> A local government may assert on its own behalf any common law or statutory defense or immunity in existence as of June 30, 1987, and possessed by its employee for whose tortious act or omission the claim against the local government is premised and a local government may only be held liable to the extent that a judgment could have been rendered against such an employee under this subtitle.

In other words, § 5-303(e) gives the local governmental entity the benefit of its employee's defenses and immunities. Thus, for all the reasons stated above, including the officer's public official immunity, Defendant City of Frederick, Maryland is not liable.

**E.  Counts 4, 5, 7, 9, 10, 11, and 12 as against Detective Garcia must be dismissed, because Detective Garcia had probable cause to arrest Mr. Lehman and legal authority to make the arrest, and is protected by qualified immunity**.

Based on the same facts as outlined above concerning the investigation that resulted in the arrest of Mr. Lehman, Plaintiffs' state common law actions must be dismissed.  This is because it was objectively reasonable for Detective Garcia to believe that probable cause existed

to seek a warrant for the arrest of Mr. Lehman, and because there are no facts supporting a

finding of actual malice on his part.  Here, Mr. Lehman was charged with a violation of Md.

Criminal Law Code §10-606, a felony.  Detective Garcia had both probable cause and legal

authority to arrest Mr. Lehman.

　　　　The elements of false arrest and false imprisonment are identical. Those elements are: 1)

the deprivation of the liberty of another; 2) without consent; and 3) without legal justification.

*See Manikhi v. Mass Transit Admin.*, 360 Md. 333, 365, 758 A.2d 95, 112 (Md. 2000);

*Montgomery Ward v. Wilson*, 339 Md. 701, 721, 664 A.2d 916, 925-26 (1995).

　　　　A police officer carrying out an arrest under a facially valid warrant or making a

warrantless arrest is not liable for false imprisonment in connection with that arrest if the officer

had legal authority to arrest under the circumstances. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct.

1868, 20 L. Ed. 2d 889 (1968); *Okwa v. Harper*, 360 Md. 161, 757 A.2d 118 (2000) (an arrest

without legal authority violates Maryland Declaration of Rights); *Montgomery Ward v. Wilson*,

339 Md. 701, 664 A.2d 916 (1995); *Ashton v. Brown*, 339 Md. 70, 660 A.2d 447 (1995); *Green

v. Brooks*, 125 Md. App. at 367, 725 A.2d at 605; see also MPJI-Cv 15:7.

　　　　A police officer without a warrant may arrest a person if the police officer has probable

cause to believe that a felony has been committed or attempted and the person has committed or

attempted to commit the felony whether or not in the presence or within the view of the police

officer.  *See* Maryland Criminal Procedure Code, §2-202 (2001); *Nilson v. State*, 272 Md. 179,

321 A.2d 301 (1974); *Edger v. Burke*, 96 Md. 715, 722, 54 A. 986, 988 (1903).

　　　　The test of legal justification, in the context of false arrest and false imprisonment, is

"'judged by the principles applicable to the law of arrest.' *Montgomery Ward*, 339 Md. at 721,

664 A.2d at 926; *Ashton v. Brown*, 339 Md. 70, 120, 660 A.2d 447, 472 (1995). Therefore,

"where the basis of a false imprisonment action is an arrest by a police officer, the liability of the

police officer for false imprisonment will ordinarily depend upon whether or not the officer acted

within his legal authority to arrest." *Montgomery Ward*, 339 Md. at 721, 664 A.2d at 926.

Probable cause may be defined as a good faith belief or reasonable suspicion that would

lead a prudent person to believe that the individual who is arrested did in fact commit the offense

with which that individual was charged. *See Cuffia v. State*, 14 Md. App. 521, 287 A.2d 319

(1972); *Woodward v. District of Columbia*, 387 A.2d 726 (D.C. App. 1978); *Prieto v. May Dept.*

*Stores Co.*, 216 A.2d 577 (D.C. App. 1966); *Muntjan v. Waltemeyer*, 166 F. Supp. 2d 424 (D.

Md. 2001), *appeal dismissed*, 38 Fed. Appx. 170 (4th Cir. 2002); *Silvera v. Home Depot U.S.A.,*

*Inc.*, 189 F. Supp. 2d 304 (D. Md. 2002) (probable cause is determined by the facts known at the

time the prosecution was instituted).

Moreover, a law enforcement officer is not liable for tortious conduct performed during

the course of his or her official duties unless he or she acted with actual malice toward the

plaintiff, i.e., with "ill will, improper motivation or evil purpose." *Goehring v. United States*, 870

F. Supp. 106 (D. Md. 1994), *appeal dismissed*, 96 F.3d 1438 (4th Cir. 1996); *Curtis v. Pracht*,

202 F. Supp. 2d 406 (D. Md. 2002) (plaintiff failed to allege actual malice); *Tinch v. United*

*States*, 189 F. Supp. 2d 313 (D. Md. 2002) (complaint did not adequately state that officers acted

with ill will, improper motivation, or without legal justification or excuse, nor that they were

acting outside the scope of their official duties); *Rich v. United States*, 158 F. Supp. 2d 619 (D.

Md. 2001) (plaintiffs must allege with some clarity and precision those facts that make the act

malicious). *See also Muthukumarana v. Montgomery County*, 370 Md. 447, 805 A.2d 372

(2002); *Lovelace v. Anderson*, 366 Md. 690, 785 A.2d 726 (2001).

In Maryland, public officials' immunity is recognized by a common law and by statute.

*Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 232 (4th Cir. 2002). The

applicable statute provides as follows:

> An official of a municipal corporation, while acting in a
> discretionary capacity, without malice, and within the scope
> of the official's employment or authority shall be immune as
> an official or individual from any civil liability for the
> performance of the action.

Md. Cts. & Jud. Proc. Code Ann. §5-507(b)(1).

This immunity "assigns to the plaintiff the burden of pleading -- and proving --

that the defendant-officer acted with `malice'." *Davis v. DiPino*, 99 Md. App. 282, 290,

637 A.2d 475, 479 (1994), *rev'd on other grounds*, 337 Md. 642, 655 A.2d 401 (1995).

As interpreted by the Maryland courts, proof of malice requires affirmative evidence that

the officer "intentionally performed an act without legal justification or excuse, but with

an evil or rancorous motive influenced by hate, the purpose being to deliberately and

wilfully injure the plaintiff." *Id.* (*citing Leese v. Baltimore County*, 64 Md. App. 442, 480,

497 A.2d 159, 179 (1985)).

In order sufficiently to state a cause of action against a public official to defeat

public officials' immunity, a plaintiff must allege "with some clarity and precision those

facts which make the act malicious." *Elliott v. Kupferman*, 58 Md. App. 510, 528, 473

A.2d 960, 969 (1984). "Merely asserting that an act was done maliciously . . . or for

improper motive does not suffice." Id. Rather, the underlying facts set forth in the

Complaint must be such as to demonstrate an improper motive or rancorous intent. Id.

In the case at bar, as shown by the factual discussion above, there were ample grounds for

a reasonable police officer to conclude that probable cause existed for the arrest of Mr. Lehman.

There was a positive identification by Ms. Altamar of Mr. Lehman as the person who struck the

dog – and Ms. Altamar was Mr. Lehman's next-door neighbor.  There was information that

corroborated the fact that the dog had been struck, apart from Ms. Altamar's statements.  The dog

was seen having convulsions. The dog was taken to an animal hospital and was found to have a

head injury.  Further, there is no evidence of ill will or other evil or rancorous motive on the part

of Detective Garcia to deliberately injury the Plaintiffs.

Accordingly, for all of the foregoing reasons, Counts 4, 5, 7, 9, 10, 11, and 12 as against

Defendant Garcia must be dismissed.

**F.  Count 7, Defamation fails to state a claim upon which relief may be granted**

In Count 7, Defamation of Character, Plaintiffs allege that the City of Frederick

defendants, as a result of the arrest and charge, made false statements to various media outlets

regarding the Plaintiff, and that as a result, Plaintiff Henry Lehman's character and reputation

were severely damaged.

Libel/slander is the publication of a false and defamatory statement about another which

exposes that person to public scorn, hatred, contempt or ridicule thereby injuring that person's

reputation or discouraging others from associating with that person and is communicated to a

third person who reasonably recognizes the statement to be defamatory, thereby causing the defamed person to be damaged. *Mareck v. Johns Hopkins Univ.*, 68 Md. App. 217, 482 A.2d 17 (1984), *cert. denied*, 302 Md. 288, 487 A.2d 292 (1985); *Gay v. William Hill Manor, Inc.*, 74 Md. App. 51, 536 A.2d 690, *cert. denied*, 312 Md. 601, 541 A.2d 964 (1988). *See also Peroutka v. Streng*, 116 Md. App. 301, 695 A.2d 1287 (1997) (non-public figure).

Under Md. Cts. & Jud. Proc., § 5-105, "An action for . . . libel, or slander shall be filed within one year from the date it accrues."   In the case at bar, the allegedly defamatory statements were based on Mr. Lehman's arrest on March 20, 2007, yet the Complaint at bar was not filed until April 23, 2008, about one year and one month after the arrest.  Mr. Lehman was on inquiry notice of all of his causes of action, including defamation, from the day he was arrested.

Accordingly, Count 8 is barred by the statute of limitations, and must be dismissed.

**G.  Count 12, Intentional Infliction of Emotional Distress, fails as a matter of law to state a claim upon which relief may be granted.**

In order for Plaintiffs to prevail on their claim of intentional infliction of emotional distress, (1) The conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe.  *Mitchell v. Baltimore Sun Co.*, 164 Md. App. 497, 525 (2005).

A claim of "intentional infliction of emotional distress must be pleaded with specificity." Id.  For one to ". . . satisfy the element of extreme and outrageous conduct, the conduct must be **so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as**

**atrocious, and utterly intolerable in a civilized society**." *Id. citing Batson v. Shiflett*, 325 Md.

684, 733 (1992) (*quoting Harris v. Jones*, 281 Md. 560 (1977))(emphasis added).  "Moreover,

the emotional distress complained of must be so severe that no reasonable man could be expected

to endure it." *Id*. at 526, *Harris*, 281 Md. at 571.  Indeed, "one must be unable to function; one

must be unable to tend to necessary matters." *Id*. at 525 (*quoting Hamilton v. Fort Motor Credit*

*Co.*, 66 Md. App. 46, 60-61 (1986)) (internal citations omitted).

In *Hines*, the Court of Appeals of Maryland addressed the tort of Intentional Infliction of

Emotional Distress.  The Court stated,

> The extraordinary feature of the tort . . . is its insistence upon
> "extreme and outrageous conduct."  In fact, this element is, in large
> respect, the entire tort.  It both limits the reach of the tort and
> dominates the proof of its elements.  The outrageous requirement
> means there is no liability simply for the intentional infliction of
> emotional distress.  If a defendant intends to cause a plaintiff
> emotional distress and succeeds in doing so, the defendant is
> nonetheless *not* liable unless his or her conduct is also extreme and
> outrageous.

*Hines v. French*, 157 Md. App. 536, 558 (2004) *(quoting Kentucky Fried Chicken Nat'l Mgmt. Co.*

*v. Weathersby*, 326 Md. 663, 670-71 (1992).

Even if the well-plead facts in the Complaint are viewed in the light most favorable to

Plaintiffs[2], Count 12 fails to state a claim for intentional infliction of emotional distress upon

which relief can be granted.  What is described in the Complaint is merely a routine arrest.  The

Complaint on its face indicates that Mr. Lehman went quietly, with no trouble: "At no point

---

[2]  Detective Garcia specifically denies that Mr. Lehman was handcuffed in his home in
front of his children and states that he was handcuffed in the police cruiser.

during the encounter was the Plaintiff Henry Lehman uncooperative or posed any risk or threat to

the officers or others in the area." Complaint, ¶ 89.  There is no description in the Complaint of

conduct "so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized society."  There is no description of

emotional distress so severe that no reasonable man could be expected to endure it.  The

Complaint is misleading, to the extent it seems to suggest that the two Lehman children were left

without supervision.  They weren't.   As the Complaint itself indicates in paragraph 11, a police

officer baby-sat the children until their mother could get home from the Community College.

*See also* Affidavit of J.A. Garcia, attached.  The facts as outlined in the Complaint simply do not

rise to the level that is required to state a claim for intentional infliction of emotional distress.

On the contrary, this unfortunate incident was handled in a civilized manner by everyone

involved.

**H.  Plaintiffs's claims for punitive damages must be dismissed.**

Plaintiffs seek not only compensatory but also punitive damages. Punitive damages are

recoverable only upon clear and convincing evidence of actual malice. *Montgomery Ward v.

Wilson*, 339 Md. 701, 664 A.2d 916 (1995). "Malice has been defined as the performance of an

act without legal justification or excuse and with an evil or rancorous motive influenced by hate,

the purpose of which is to deliberately and willfully injure another." *Williams v. Prince George's

County*, 112 Md. App. 526, 685 A.2d 884 (1996); *Darcars Motors of Silver Spring, Inc. v.

Borzym*, 150 Md. App. 18, 818 A.2d 1159 (2003), *aff'd*, 379 Md. 249, 841 A.2d 828 (2004);

*Curtis v. Pracht*, 202 F. Supp. 2d 406 (D. Md. 2002).

For all the reasons stated above, Plaintiffs have not and cannot make a showing of "actual malice" that would support an award of punitive damages.  Accordingly, Plaintiffs' claims for punitive damages must be dismissed.

**I.  Even Assuming, Arguendo, That the Complaint Stated a Claim Against the City and Detective Garcia, Bifurcation Would Be Appropriate.**

Although the Complaint clearly fails to state a *Monell* claim against the City, in an abundance of caution, the Defendants seek bifurcation in the alternative pursuant to Federal Rule of Civil Procedure 42(b). The claims against the City are derivative in nature. *Monell; Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999). To establish liability against the City and supervisory officers, Plaintiffs will need to demonstrate that the active Defendant Garcia violated Mr. Lehman constitutional rights first, before consideration of whether the supposed violation was the result of an improper custom, policy or practice of the City. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Temkin v. Frederick County Comm'rs*, 945 F. Supp. 716 (4th Cir. 1991). Much of the evidence admissible and relevant with respect to the City's liability would be inadmissible and prejudicial to the individual Defendant. Bifurcation will thus result in judicial economy and fairness. *Marryshow v. Town of Bladensburg*, 139 F.RD. 318, 319 (D. Md. 1991), *affirmed*, 986 F.2d 689 (4th Cir. 1993).

Therefore, bifurcation is appropriate with respect to the federal constitutional claims against the City.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants City of Frederick, Maryland, and J.A. Garcia, respectfully request that the Plaintiffs' Complaint as against them be dismissed, or in the alternative, that summary judgment be entered in their favor.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By:_____/s/ David B. Stratton_____
  David B. Stratton, Esq. #11508
  1100 Connecticut Avenue, NW
  Suite 600
  Washington, DC  20036
  (202) 296-4747
  Fax:  (202) 496-2800
  d.stratton@jocs-law.com

  Counsel for Defendants City of
  Frederick, MD, and J.A. Garcia